I concur in the decision reached by Judge Gwin.
Judge Gwin correctly states the standard of review to be applied by the court of common pleas when reviewing an administrative agency's decision pursuant to R.C. 2506.04. However, Judge Gwin goes on to state "When the case arrives at the court of appeals, we have our own standard of review." (Majority Opinion at 6). Judge Gwin then discusses the holdings in Irvinev. Unemployment Compensation Board of Review (1985), 19 Ohio St.3d 15, and Tzangas, Plakas, Mannos v. Administrator, OhioBureau of Employment Serv. (1995), 73 Ohio St.3d 694.
I find discussion of these cases inappropriate because they involve appeals under R.C. 4141.28, not R.C. 2506.04. The statutes are markedly different as to what issues may be appealed from the judgment of the court of common pleas. R.C.4141.28(O)(1) provides, in pertinent part, "Any interested party shall have the right to appeal from the decision of the court [of common pleas] as in civil cases." (Emphasis added). R.C. 2506.04
provides, in pertinent part, "The judgement of the court [of common pleas] may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added).
In Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30, 34, the Ohio Supreme Court interpreted R.C. 2506.04 and set forth the applicable standard of review:
 An appeal to the court of appeals pursuant to R.C. 2506.04 is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.[1]
As noted in Judge Gwin's opinion, the Court of Common Pleas found the BZA had no standards for it to apply in determining whether a substitution of one non-conforming use for another non-conforming use is reasonable. The Court of Common Pleas held "While a legitimate basis may have existed in this case for the Board to have denied appellant's application, without a standard to measure the testimony against, this court can only conclude that the Board's decision was arbitrary and unsupported by the preponderance of substantial, reliable and probative evidence." (October 14, 1997 Judgment Entry at 9). This statement of law by the Court of Common Pleas creates a per se rule that the absence of standards results in a conclusion that any decision by the BZA is arbitrary and unsupported by the evidence. I find such per se
rule is not an accurate statement of the law.
By way of illustration, if appellee decided to use the property for a motorcycle race track, applying the rule of law enunciated by the Court of Common Pleas, a decision by the BZA to deny appellee's application would still be arbitrary because of the lack of standards. I find such result unacceptable and; therefore, do not accept the Court of Common Pleas' rule of law.
I concur with Judge Gwin in finding Canton City Ordinance 1127.07 [together with ordinances 1127.06, 1127.08 and 1127.09] creates sufficient guidelines from which to determine when one non-conforming use may be substituted for another non-conforming use. Concededly, those standards are set forth in broad terms. However, such is necessarily so as it would be impossible to project exact fact-specific standards to cover every possible non-conforming use.
JUDGE WILLIAM B. HOFFMAN.
[1] I find the interpretation of R.C. 2506.04 to be logically inconsistent. Although the statute states that the court of appeal's scope of review is limited to determining whether the trial court erred as a matter of law, it simultaneously requires us to reweigh the evidence by the same standard as is imposed on the trial court. By reweighing the evidence to determine whether the decision of the trial court is supported by a preponderance of reliable, probative and substantial evidence, we are necessarily going beyond mere questions of law. Despite this seemingly illogical analysis in apparent aberration of the clear language of R.C. 2506.04, I must nonetheless follow the law as set forth by the Supreme Court inKisil, supra.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed. Costs to appellant.